Walter *v.* Kirk et al.

---

WILLIAM H. WALTER, Plaintiff in Error, *v.* WILLIAM KIRK et al., Defendants in Error.

| 14 | 55 |
| 88a | 29 |

ERROR TO JEFFERSON.

If a note is made payable directly to A. B., administrator, &c., he may transfer the legal interest in it to another, by indorsement.

Under our statute, where a promissory note is assigned after it becomes due, the maker may interpose the same defences to it, in the hands of the assignee, that he could if it were in the hands of the payee.

Where a note is assigned before its maturity, the maker is allowed to show in defence, that its execution was procured by fraud or circumvention; but as respects other defences, he is required to prove that the assignee had notice of them, when he received the assignment.

A note assigned on the day it is made payable, is assigned before it is due. The maker has the whole of that day to make payment. An action cannot be brought on the note until the day after it becomes due.

It is not competent to prove by parol that a judgment was rendered by a justice; his docket, or a transcript of it, is the best evidence.

The mere fact of selling a note at a discount, and assigning it, without recourse, does not show that the assignee had notice that there was a defence to it.

Walter *v.* Kirk et al.

THE opinion contains a statement of the case. The cause was submitted to the court, MARSHALL, Judge, presiding at September term, 1852, of the Jefferson Circuit Court; and resulted in a judgment for the plaintiff. The defendant brought the cause to this court by writ of error.

R. S. NELSON, for plaintiff in error.

R. F. WINGATE and D. BAUGH, for defendants in error.

TREAT, C. J. This was an action of assumpsit, brought by Vaughan, to the use of Kirk, against Walter. On the trial, the plaintiff read in evidence a note and indorsement, as follows: " On or before the first day of November next, for goods got of the estate of Levi Bennett, by my wife, over and above the specific property allowed her as his widow, I promise to pay Reason Bennett, administrator of the estate of Levi Bennett, deceased, twenty-two dollars and twenty-five cents, with interest thereon from date, August 11th, 1844. William H. Walter." " I assign the within note to James Vaughan, for value received, this first day of November, 1844. Reason Bennett." The defendant proved by the probate justice, that, at the date of the note, the defendant, then the husband of the widow of Levi Bennett, and Reason Bennett, the administrator of the estate, made a settlement, in which the defendant's wife was found to be indebted to the estate in the sum of $22.25, for which the note was given; it was then supposed that the estate would be solvent, and that there would be something coming to the widow when the estate should be finally settled; and the administrator agreed that he would hold the note until a final settlement should be made, and if there should be any thing due to the widow, it should be credited on the note; the estate had never been settled, but it was understood to be solvent. Another witness stated that he heard a conversation between the administrator and the defendant in October, 1844, in which the administrator said that he held a note on the defendant, which was settled and paid, and he would hand it over the next time he saw him. The administrator soon after left the country. The defendant then offered to prove by a witness, that the plaintiff had recovered a judgment on the note before a justice of the peace, and then sold the same to Kirk as a bad and doubtful debt, for less than its face, and without any recourse. This evidence was rejected, and the defendant excepted. The court rendered a judgment in favor of the plaintiff, for the amount of the note and interest.

Walter *v.* Kirk et al.

The note was payable directly to the administrator, and he had the clear right to transfer the legal interest to another by an indorsement on the instrument. Under our statute, where a promissory note is assigned after it becomes due, the maker is permitted to interpose the same defences to it in the hands of the assignee, that he can set up in an action brought upon it in the name of the payee. In such case, the assignee succeeds only to the rights of the payee. Where the assignment is made before the maturity of the note, the maker is allowed to show in defence, that the execution of the instrument was procured by fraud or circumvention. But as respects other defences, he is required to prove that the assignee had notice of them when he received the assignment. In this case, the note was assigned to the plaintiff before it became due. The maker had the whole of the day on which it was indorsed in which to make payment. He was not in default until the day had expired. An action could not have been maintained on the note until the second day of November. A suit commenced on the previous day would have been dismissed, because prematurely brought. The note was not over due until a right of action had accrued upon it. The plaintiff, having received an assignment of the note before its maturity, was not to be affected by the defence interposed, unless he had notice thereof when the indorsement was made. There was nothing in the evidence tending to charge him with notice of the agreement, as to the way in which the note might be discharged, or of any subsequent transactions between the parties respecting it. The note itself did not apprise him that there was any defence against it. A valid consideration was set out on the face of the instrument. The evidence offered by the defendant, and excluded by the court, was clearly inadmissible. It certainly was not competent to prove by parol that a judgment had been entered on the note. The docket of the magistrate, or a transcript therefrom, was the best evidence of the existence of the judgment. The mere fact that the plaintiff had sold the debt at a discount, and without recourse, did not show that he was an assignee of the note, with notice of any existing defence. It rather tended to show that he had doubts about the ability or disposition of the defendant to pay it.

The judgment must be affirmed.

*Judgment affirmed.*