WILCOMBE, Respondent, *v.* DODGE et al., Appellants.

The payee has all of the last day on which his note falls due, in which to pay it, and a suit commenced for its recovery on that day is premature.

APPEAL from the Fifth Judicial District.

This suit was brought to recover the amount of a promissory note made by defendants to plaintiff—dated March 15, 1852, for $3034—payable *fifteen days from date.*

The execution of the note was admitted. Defendants proved by the Clerk of the District Court, that the complaint was filed on the 2d day of April, that the summons, attachment, copy of summons, and copy of complaint, were issued on the same day to the sheriff of the county; and the papers so issued were produced, endorsed, "Filed 2d April, 1852."

The defendants here rested their case and moved for judgment, on the ground that plaintiff could not recover in this action, he having commenced his suit before the expiration of the *grace days* allowed by law. Which the court overruled, and defendants excepted.

The court ordered judgment for the amount of the note and interest, on the 11th November, 1852, with costs, from which defendants appealed.

*Huntington, Martin,* and *Dwinelle,* for appellants.

In the absence of statutory authority, a note importing on its face to be payable within a limited time, after a certain event *i. e.* after sight, or on a particular day, or at sight, is not really payable till three days afterwards, unless, &c., Smith's Mercantile Law (Halcomb & Gholson's Ed.), 301, 302, 248, 260, and note; 3 Kent Com. 6 Ed., 100, 101. Notes stand on the same

footing with interest bills; Stats. of Cal. 1850, 247, 248, Sec. 1 and 4.

An action on such note will not lie until the last day of grace, nor on that day without demand of payment and refusal. See 4 Tem. Rep. 170; Wiggle *v.* Thompson, 11 S. & M. 452; 3 Wend. 170; 3 Pick. 414; 2 Ib. 125; 9 Ib. 420.

The note in question was dated 15th March, 1852, and was payable, including three days' grace, on the 2d April, that being the last day, and the defendant had the whole of that day to pay it; but on that day plaintiff commenced his suit, and the District Court erred in sustaining it.

An action is commenced by filing the complaint. Prac. Act, 1851, Sec. 22.

*Irving*, and *Benham*, for respondent,

Admitted that defendants' were entitled to the days of grace, but insisted that although the complaint was filed, and summons issued on the last day, yet the writ was not *served* until the day after; and a suit is not commenced until the service of the writ. 10 Vermont, 479; 6 T. R. 617; 6 Taunton, 141.

The words relied on by appellants, in the Prac. Act of 1851, Sec. 22, are merely directory as to the order of proceeding: "Civil actions shall be commenced by the filing of the complaint, and issuing of the summons." This direction reversed the common law proceeding, in which the writ issued in the first place.

A defendant is only called upon to answer after the service of the writ; the filing of the complaint is nothing to him, whether early or late, and the time within which he must answer runs from the service of the writ, not from the time it was issued.

Where demand is necessary before suit brought, the service of the writ is a good demand; and this involves the corollary, that the service is the commencement of the suit. Chit. on Bills, 9 Am. Ed. 360.

Where a judgment was taken by default, defendant moved to set it aside upon his affidavit, that the debt was not due when suit was commenced, though due when the affidavit was filed. The motion was refused. 2 Johns. Cas. 224-5; 1 Johns. Cas. 393.

The defendants admit the debt to be due at the time of filing their answer.

But the weight of authority is in favor of allowing suit to be brought after demand and refusal, *on the third day of grace.* The case 4 T. R. 176, was overruled 3 Campb. 193, which sustains the position as against an endorsee; *a fortiori*, it will hold where the party is primarily liable. 19 Vesey, 216, and note.

As to the commercial usage referred to, see 1 Nott & M'Cord, 440; Chit. 203–4; 2 Cain. 343; 2 Whar. 377; 13 Johns. 471.

That a suit may be commenced on the third day of grace, is so decided in Maine, Massachusetts, New Hampshire, Maryland, South Carolina, and in the Federal Courts. 14 Mass. 120; 1 Pick. 405; 3 Pick. 414; 9 Pick. 420; 19 Pick. 117; 21 Pick. 311; 5 Mass. 449; 1 Metcalf, 43; 4 Green, 411; 3 Maine, 67; 7 N. Hamp. 201; 7 Gill & Johns. 88; 1 Nott & M'Cord, 440; S. C. U. S. 2 Wheat. 77; Ib. 273; 6 Ib. 102, 104; 1 Johns. Cas. 329.

Where a suit was commenced before demand made, and objected to, the cause of action not being perfect, the court overruled the objection. 21 Pick. 269; 5 N. H. 227.

HEYDENFELDT, Justice, delivered the opinion of the court. MURRAY, Chief Justice, concurred.

It is contended that suit may be brought on a promissory note on the day it becomes due, and several authorities have been cited which have so determined. We prefer adhering to the reasonable rule, which has been long established, that the payee has all of the day on which the note falls due, in which to pay it, and therefore that a suit commenced on that day is premature. The cases which decide otherwise subvert the general principle of law, for the seeming purpose of remedying particular cases of hardship.

We are satisfied that a departure from a reasonable and well-settled doctrine, is productive of too much harm in the future to authorize us to adopt it, howsoever much it may be merited in a given case.

Judgment reversed.