Holland vs. Clark.

## HOLLAND VS. CLARK.

PROMISSORY NOTE: *Accrual of right of action; Statute of limitations.*

Upon demand and refusal of payment of a promissory note on the last day of grace, a right of action accrues at once to the holder, and the statute of limitations begins to run from that date; but if there is no demand, the cause of action does not accrue until the succeeding day.

APPEAL from *Pulaski* Circuit Court.

Hon. J. W. MARTIN, Circuit Judge.

*Bishop,* for appellant.

*Yonley & Whipple, contra.*

TURNER, J.:

On the 19th day of October, 1876, the appellee George W. Clark, plaintiff in the court below, commenced his action against

Samuel H. Holland, William S. Oliver and John McClure, defendants in the court below, on a certain promissory note, which is in the words and figures following:

"$200 ·   .          Little Rock, Ark., September 16th, 1871.

Thirty days after date I promise to pay to the order of W. S. Oliver and John McClure, the sum of two hundred dollars value received, negotiable and payable without defalcation or discount, at the banking house of Stoddard, Bro. & Co., at Little Rock, Ark., with interest from date at the rate of 3 per cent. per month until paid. Signed,          SAMUEL H. HOLLAND."

That said payers duly endorsed and delivered said note to the appellee. That thereafter on the 19th day of October, 1871, said defendants Oliver and McClure duly waived notice of demand and protest, and made an endorsement thereof on said note, of which the following is a copy, to-wit:

" We hereby waive notice and demand of protest this 19th day of October, 1871.    Signed,          JOHN McCLURE,
                                        W. S. OLIVER."

At the April Term, 1877, of the Circuit Court the appellant Holland filed his answer to said complaint, containing four separate paragraphs, of which the first, second and third were withdrawn, leaving the defense to rest upon the fourth, which is as follows: "And for a further answer to the said complaint, the said defendant Holland avers that this action now pending upon the said promissory note was not commenced against him the said Holland within five years after the cause of action thereon accrued against him the said defendant Holland. Wherefore the said defendant Holland prays to be dismissed with his costs and for all proper relief."

At a subsequent day of said term of the court, this cause by consent was submitted to the court upon the following agreed statement of facts, to-wit:

Holland vs. Clark.

" It is hereby agreed and understood, by and between the par-
ties hereto, for the purpose of this case, that the note sued on
herein was given on the 16th day of September, 1871, and was
payable in 30 days from date in bank with grace, and that the
last day of grace was the 19th day of October, 1871, that this
suit was commenced on the 19th day of October, 1876, by the
filing of the complaint in the clerk's office of the proper county,
and by causing a summons to issue in due form of law against
all the defendants to this action upon said complaint."

"June 26th, 1877.                    YONLEY & WHIPPLE,
                                        Att'ys for Plaintiff.
                          RICE & BISHOP,
                 Att'ys for defendant Holland."

And on the 27th day of June, 1877, at the same term of the
court, this cause came on to be tried by the court, sitting as a
jury, upon the said agreed state of facts. Whereupon the court
found that the defendants are indebted to the plaintiff in the sum
of $614 for his debt and damages, and accordingly proceeded
to render judgment against said defendants, S. H. Holland, W.
S. Oliver and John McClure, for the said sum of $614 for his
debt and damages, with interest thereon from date of judgment
until paid, at 10 per cent. per annum, and also all his costs, etc.

To which decision of the court the defendant Holland excepted,
and filed his bill of exceptions setting out the agreed statement
of facts, the trial and judgment of the court.

The pleadings and facts agreed upon in this cause present a
single question of law for our decision, that is : Was the ap-
pellee's action barred by the statute of limitations at the time
suit was instituted ?

The note sued upon was dated the 16th day of September,
1871, was due thirty days after date, and payable to the order of

W. S. Oliver and John McClure at the banking-house of Stod-dard, Bro. & Co., at Little Rock, Ark. Said note was after-wards endorsed and delivered by the payers Oliver and McClure to the appellee.

The statute relied upon as a bar, provides that : "Actions on promissory notes and other instruments in writing shall be com-menced within five years after the cause of action shall accrue, and not afterwards." Gantt's Dig., sec. 4125.

This suit was commenced on the 19th day of October, 1876, and our first inquiry is, when did the cause of action accrue ?

According to the Law Merchant the note was due on the last day of grace, that is, on the 19th day of October, 1871, and if so, was the appellee authorized by law to commence his action on that day ? On this point the rulings of the courts are by no means uniform.

In the case of *Osborn* v. *Moncure et al.*, 3 Wend., 170, which was a suit by the payee against the maker of a promissory note, instituted on the third day of grace, payment having previously been regularly demanded and refused.

The court, by Sutherland, Judge, said : " The only question in this case is whether the suit was prematurely commenced. It is admitted that the writ was served before three o'clock, P. M., of the third day of grace, payment having previously been regu-larly demanded and refused. * * * * The demand upon the maker should be made on the third day of grace, and within a reasonable time before the expiration of the day, and if he then refuses payment, the holder has done all that is incumbent upon him to do, and may treat it as a dishonored bill, so far as immediately to give notice to the endorser, but still I apprehend the maker has the whole of the day to pay in, if he think proper to seek the holder. It is undoubtedly true in relation to other contracts, that the party has until the last instant of the day to

make payment, and I perceive no reason for making negotiable paper an exception to the general rule."

In the case of *Smith* v. *Aylesworth*, 40 Barb., 104, the Supreme Court of New York re-affirms the decision of the court in the case of *Osborn* v. *Moncure*.

This was also a suit on a promissory note, which matured on the 6th day of October, 1861. The 6th day of October being Sunday, the note became due on the 5th. The note was payable at the Monroe County Bank, which closes each day at 3 o'clock, P. M. Payment was demanded and refused at 3 o'clock, P. M., of the 5th of October, and on the same day suit was commenced on the note.

Held by the court that the action was prematurely brought. That the maker of a promissory note has the whole of the last day of grace in which to pay it, and if it be payable at a bank, an action commenced against the maker on the last day of grace, though it be after banking hours at such bank, will be prematurely brought and the plaintiff should be nonsuited.

In the case of *Walter* v. *Kirk et al.*, 14 Ill., 55. Held by the court, Chief Justice Treat delivering the opinion, that a note assigned on the day it was made payable is assigned before it is due. The maker has the whole of that day to make payment. An action cannot be brought on the note until the day after it becomes due.

In the case of *Wilcombe* v. *Dodge et al.*, 3 Cal., 260, which was a suit on a promissory note brought on the last day of grace, it was held that the suit was brought prematurely.

. But in the case of *Greeley et al.* v. *Thurston*, 4 Greenl., top page 414, which was a suit on a promissory note commenced on the last day of grace, it was held that bills of exchange and negotiable notes should be paid on demand, if it be made at a reasonable hour on the day they fall due, and if not then paid, the

acceptor or maker may be sued on that day. To this decision the editor appends a note: "But if no demand of payment is made on the day of maturity, an action commenced on that day is premature, and the plaintiff must become nonsuit."

This seems to be the rule also in Massachusetts, where suit may be commenced on promissory notes and bills of exchange on the third day of grace, after demand and refusal of payment.

See *Staples* v. *Franklin Bank*, 1 Metc. (Mass.), 43, where it is held that the maker of a promissory note is bound to pay it upon demand made at any reasonable hour of the last day of grace, and may be sued on that day, if he fail to pay on such demand.

And Story, in his work on Promissory Notes, p. 267, states the law on this question in the following language: "But the better opinion, which is sustained by the current of authorities, undoubtedly is, that an action may be commenced against the maker at any reasonable time on the third day of grace after demand on him."

In the case of *Coleman* v. *Ewing*, 4 Humph., 241, which was a suit commenced on a promissory note, on the last day of grace after protest and notice, the court held that the contract of the maker of negotiable paper is broken by a refusal or neglect to pay on the last day of grace within reasonable time after demand made, and the holder has a right of action on the same day.

In *Wilson* v. *Williman*, 1 Nott & McCord's Rep., 440, the Constitutional Court of South Carolina made a similar decision, holding that the payee of a promissory note can commence an action against the maker on the third day of grace. See also the case of *McKenzie, Cadow & Co.* v. *R. & S. Durant*, 9 Rich., 61, in which case it was also held that an action may be commenced on a promissory note on the third day of grace. This is also the rule in New Hampshire. See *Dennie & Walker*, 7 N. H., 201.

It will thus be seen that while the authorities are contradictory, the current of decisions is to the effect that the holder of a promissory note or bill of exchange may sue the maker or acceptor on the third day of grace, after demand and refusal, or neglect to pay.

These decisions rest upon the ground that the contract is broken and the paper dishonored by a refusal or failure to pay upon demand within business hours on the third day of grace. So far as the liability of the maker of the note or acceptor. of the bill is concerned, a demand is unnecessary, but demand and notice are necessary to fix the liability of endorsers.

Although no demand on the day of grace can affect in any way the liability of the maker or acceptor, yet we hold that such demand is necessary to enable the holder to commence suit on the third day of grace, and that if no such demand is made, the maker or acceptor has the whole of that day to make payment, and that in such case the cause of action does not accrue to the holder until the succeeding day.

The note in suit was given on the 16th day of September, 1871, and was due thirty days after date. On the 19th day of October, 1871, it being the last day of grace, W. S. Oliver and John McClure, the payees and endorsers of the note, waived in writing, the necessity of demand, protest and notice, which fixed their liability as endorsers.

It does not appear that any demand was made on the appellant Samuel H. Holland, so as to put him in default. At any rate no such demand was averred in the answer, or otherwise shown, and we must presume that no such demand was made, and consequently that the right of action did not accrue to the appellee on that day, and that an action on said note, commenced on that day, would have been premature and could not have been maintained.

---

It follows that the succeeding day (20th October, 1871,) was the earliest day on which a suit could have been maintained by the holder against the maker of the note.

This action was commenced on the 19th day of October, 1876, and within five years from the time the cause of action accrued, and is therefore not barred by the statute of limitation.

Judgment of the court below affirmed.