THE FARMERS' NATIONAL BANK OF SALINA, KANSAS, v. THE SALINA PAPER MANUFACTURING COMPANY.

### No. 9784.

ACTION PREMATURE—*brought on day of maturity of note payable at bank, though after banking hours.* The maker of a promissory note, payable at a bank, has the entire day of maturity in which to make payment; and an action begun thereon just after the close of banking hours of the day it falls due is prematurely brought.

Error from Saline District Court.   Hon. R. F. Thompson, Judge.   Opinion filed May 8, 1897.   *Affirmed.*

*J. G. Mohler*, for plaintiff in error.

*Garver & Larimer*, for defendant in error.

JOHNSTON, J.   On November 4, 1893, the Salina Paper Manufacturing Company executed a promissory note in favor of the Farmers' National Bank of Salina, Kansas, in which it promised to pay eight thousand dollars ninety days after date, without grace, at the Farmers' National Bank, with ten per cent. interest per annum after maturity.   On February 2, 1892, the day on which the note became due, a suit was brought thereon.   It was alleged in the petition that it was the custom of that and other banks in the city of Salina to close at half past three o'clock on the afternoon of each business day ; and that this custom was well known to the payer of the note.   It was also alleged that the note was in the bank on the day of payment, and that there were no funds on deposit or paid into the bank to discharge the obligation.   Prior to the close of banking hours, the vice president of the bank demanded payment of the note from the cashier of the bank ; and after the close of banking hours, a like demand was made ; but it does not appear that there was any demand made of the payer of the note on that day.   Immediately after the close of banking hours the action was commenced ; and, upon a demurrer, the trial court held that the action was prematurely brought.

We think a correct conclusion was reached.   The ordinary rule is, that parties to a contract have the whole of the last 'day for performance, and unless otherwise expressly stipulated they are entitled to all of it.   In general, it may be said that the law rejects fractions of days in matters of performance, and to allow them to be divided by the customs of banks or business houses, which are subject to frequent changes, would tend to confusion and uncertainty.   A person who pays his note on the day it becomes due is doing reasonably well, and a creditor who begins an action

thereon before the expiration of that day is acting with unreasonable haste. Our statute recognizes that a note is transferred before maturity where it is transferred at any time before the expiration of the last day for payment. Gen. Stat. 1889, ¶ ¶ 478, 479. According to these provisions, the note might have been indorsed and transferred, as before maturity and free from equities, after the hour in which the plaintiff brought its action. The Statute of Limitations did not begin to run upon the obligation until the day after the day of payment, and evidently it was not the contemplation of the Legislature that an action might be brought before the time of payment had passed and the liability of the payee had become fixed. There is some diversity of judicial opinion upon this question, but we think the rule which gives the maker of a promissory note all of the day on which it becomes due in which to pay it, is the most reasonable, and also that it is sustained by the decided weight of authority. *Smith v. Aylesworth,* 40 Barb. (N. Y.) 104; *Oothout v. Ballard,* 41 id. 33; *Osborn v. Moncure,* 3 Wend. (N. Y.) 170; *Bank v. Townsend,* 87 N. Y. 8; *Benson v. Adams,* 69 Ind. 353; *State v. Humphries,* 32 Atl. Rep. 706; *Bevan v. Eldridge,* 2 Miles (Pa.) 353; *Taylor v. Jacoby,* 2 Pa. St. 495; *Wilcombe v. Dodge,* 3 Cal. 260; *McFarland v. Pico,* 8 id. 626; *Davis v. Eppinger,* 18 id. 379; *Walter v. Kirk,* 14 Ill. 55; *Sanders v. Ochiltree,* 5 Porter (Ala.) 73; *Wiggle v. Adamson,* 11 S. & M. 452; *Wiesinger v. Bank,* 64 N. W. Rep. 59; *Watkins v. Willis,* 58 Tex. 521; *Mill Co. v. Sinker,* 74 id. 51; *Wells v. Giles,* 2 Gale, 209; *Kennedy v. Adams,* 2 Q. B. Div. 759.

The judgment is affirmed.