No. 34,730

RUTH UPHAM, *Appellant*, v. CLYDE SHATTUCK, EDNA REINKE and LAWRENCE REINKE, *Appellees*.

(101 P. 2d 901)

Opinion filed May 4, 1940.

*Harry W. Fisher,* of Fort Scott, for the appellant.
*Harry C. Blaker,* of Pleasanton, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was an action on four promissory notes and to set aside a deed, executed by the surviving maker of the notes, alleged to have been without consideration and in fraud of plaintiff. The trial court, treating it as a demurrer, sustained defendants' motion for judgment on plaintiff's second amended petition. Plaintiff has appealed.

The petition was filed February 23, 1939, and the second amended petition October 11, 1939. The first cause of action was upon a note, which reads as follows:

"$1,000.00                                                          JANUARY 28, 1938.

  "Five years after date I promise to pay to the order of Ruth Upham, one thousand and no-100 dollars at four percent interest annually.

  "Due January 28, 1943.                          CLYDE SHATTUCK.
                                                 WILLIETTA SHATTUCK."

The second and third causes of action were upon notes identical in every respect with the note copied, except that the payee in one of them was Harriett Upham and the payee in the other was Isabelle Upham, and they were endorsed by the payees, and as to them plaintiff alleged that she was a holder in due course. The fourth cause of action was upon a note, signed by Clyde Shattuck, for $100, dated April 18, 1938, due in one year after date and payable to the order of plaintiff, with interest at three percent per annum. In the petition it was alleged that on January 28, 1938, Clyde Shattuck and Willietta Shattuck, the makers of the three $1,000 notes, were husband and wife and owned a described 240-acre tract of land; that Willietta Shattuck owned in her own name a described 120 acres of land; that Willietta Shattuck died intestate January 4, 1939, and that Clyde Shattuck is her only heir at law; that on January 30, 1939, Clyde Shattuck conveyed, by warranty deed, to Edna Reinke, his daughter by a previous marriage, the 240-acre tract of land previously mentioned; that by this deed Clyde Shattuck divested himself of all real estate, that he has only a small amount of personal property, and has rendered himself insolvent; that on February 2, 1939, the defendant, Clyde Shattuck, stated to plaintiff that Willietta Shattuck, deceased, owed nothing on the notes she signed, that he had no obligation upon the notes, and that if he did have any obligation on them he had no means with which to pay either the principal or the interest; that Clyde Shattuck disaffirmed his obligation upon the notes; that he does not intend to meet his obligations represented by the notes, and has placed himself in a position where it is impossible for him to do so. It was alleged that because of this disaffirmance, and of his conduct in conveying the real property to his daughter, he has breached the contracts represented by such notes, and that plaintiff is entitled to judgment thereon. It further was alleged that Edna Reinke paid no consideration for the conveyance of the land to her, that she received the same with the full knowledge that Clyde Shattuck was making himself insolvent, and that the deed was made by Clyde Shattuck with the intent to hinder and defraud his creditors, par-

ticularly this plaintiff. The prayer was for judgment upon all of the notes, with interest, and for a decree setting aside the conveyance above mentioned, and the court was asked to enjoin defendants from conveying or encumbering the real property described in the deed pending the final determination of this action.

It is readily observed that none of the notes was due when the action was brought. None of them contained a provision accelerating the due date for any reason. The rule is well settled that "A cause of action on a negotiable instrument does not accrue until the instrument matures, and a suit commenced before that time is premature." (8 Am. Jur. 535.) See, also, 8 C. J. 398, 399; 10 C. J. S. 1160; *National Bank v. Paper Mfg. Co.*, 58 Kan. 207, 48 Pac. 863. Appellant does not argue seriously that this is not the general rule.

However, appellant contends that since Clyde Shattuck has denied liability on the notes and has conveyed his property, without consideration, to the extent he has rendered himself insolvent, there has been an anticipatory breach of his contract to pay the debt evidenced by the notes, the effect of which is to accelerate the due date of the notes and authorize an action upon them at once. The doctrine sought to be applied is that of an anticipatory breach of contract. This doctrine applies to bilateral executory contracts (13 C. J. 651-655; 17 C. J. S. 973, 977; *Wilson v. National Refining Co.*, 126 Kan. 139, 266 Pac. 941)—those which embody mutual and independent conditions and obligations. "It does not apply to mere promises to pay money, or other cases of that nature where there are no mutual stipulations." (12 Am. Jur. 973.) To the same effect, see 13 C. J. 655; 17 C. J. S. 977, and cases cited in support of those tests. No authority is cited, and our own search discloses none, which applies the doctrine to an ordinary promissory note.

The action was brought more than one year after the date of the three $1,000 notes. Appellant alleged, and now contends, that she is entitled to judgment for interest for one year upon the notes, in any event. This requires us to determine whether the notes provided for the payment of interest annually. The only time stated in the notes when anything was to be paid is five years from the date of the notes, at which time the makers promise to pay $1,000 "at four percent interest annually." This is followed by the statement "Due January 28, 1943." The word "annually" is an

adverb, defined (Oxford English Dictionary) as meaning "in annual order or succession; yearly, every year, year by year." As used it is open to the interpretation that the interest is to be computed yearly, or year by year; it does not necessarily mean payable yearly; and as we have noted, the only time anything is promised to be paid is at the end of five years from date, which negatives the view that the interest is to be paid yearly. In *Ramsdell v. Hulett,* 50 Kan. 440, 31 Pac. 1092, the promise to pay was on or before three years after date, "with interest at eight percent per annum after date until paid." It was held, "the interest does not become due or payable until the maturity of the note." In *Motsinger v. Miller,* 59 Kan. 573, 53 Pac. 869, the promise to pay was two years after date, "and interest from date at the rate of six percent per annum, and if interest be not paid annually to become as principal and bear the same rate of interest." It was held this language "cannot be regarded as a promise to pay interest annually." In 8 C. J. 418 it is said:

"Where a note is made payable with interest, and nothing is said as to the time of maturity of the interest, it does not become due until the principal becomes due." (Citing many cases, including our own.)

The general rule is that interest becomes due at the same time the principal becomes due, and not before, unless the parties, by their contract, designate some other time for the payment of interest. (33 C. J. 187, 188.) The result is that there was no interest due on these notes when the suit was brought. The action on the three $1,000 notes was premature, not only as to principal, but as to interest.

The fourth note involved in the action, for $100, was not due when the petition was filed; it was past due when the second amended petition was filed. Appellees rely upon the rule that the right of the plaintiff to maintain the action is determined as of the time when the petition is filed, and that this ordinarily is not affected by the filing later of one or more amended petitions. Appellant cites G. S. 1935, 60-764, which authorizes the court to allow the filing of supplemental pleadings "alleging facts material to the case occurring after the former petition, answer or reply." In this case the second amended petition was not denominated a supplemental petition. But whether it is supplemental or not depends upon its contents rather than upon its name. (*Gardner v. City of Leavenworth,* 94 Kan. 509, syl. ¶ 4, and p. 515, 146 Pac. 1000.) In

the petition first filed, while all the notes are set out as exhibits, they are treated collectively in the petition, the theory of the plaintiff being that the due date of all of the notes had been accelerated by the acts and conduct of the defendant Clyde Shattuck. In the second amended petition this note is pleaded under a separate cause of action, and it is specifically alleged that the note was past due, that it was unpaid, and that plaintiff was entitled to judgment for the face of the note, with interest. This second amended petition was filed by leave of court, hence we think that the allegations respecting this $100 note come within the rule of the Gardner case, last cited, and is a sufficient compliance with our statute (G. S. 1935, 60-764). From this it follows that the judgment of the court for defendants on this cause of action was erroneous.

We need not say much about the allegations of the petition under which plaintiff sought to set aside the deed from Clyde Shattuck to his daughter, alleged to have been without consideration and to have been executed with the intention of defrauding the grantors' creditors, and this plaintiff in particular. Ordinarily such a suit cannot be maintained until after judgment has been obtained and an execution returned unsatisfied (*Farmers State Bank v. Mitchell,* 143 Kan. 286, 291, 56 P. 2d 423), and ordinarily one who gives a promissory note, payable at a future date, is not to be prevented from handling his property as he deems best. Under the state of the pleadings we find no error of the court in this respect.

The judgment of the court below is reversed insofar as it gave defendants judgment upon the fourth cause of action. In all other respects it is affirmed.