No. 39,352

Jacob O. Southard, Jr., *Appellant,* v. Mutual Benefit Health & Accident Association of Omaha, *Appellee.*

(276 P. 2d 299)

Opinion filed November 13, 1954.

*Edward Rooney* and *C. K. Sayler,* both of Topeka, argued the cause and *L. M. Ascough* and *John A. Bausch,* both of Topeka, were with them on the briefs for the appellant.

*Lester M. Goodell,* of Topeka, argued the cause and *Margaret McGurnaghan* and *Frederick A. Mann,* both of Topeka, were with him on the briefs for the appellee. *George M. Brewster,* of Salina, of counsel.

The opinion of the court was delivered by

Smith, J.: This was an action on an accident insurance policy. Judgment was for the defendant sustaining its demurrer to the second count of the petition. The plaintiff has appealed.

The first count stated defendant had issued to the plaintiff its policy, which was attached; that the quarterly premium of $12 charged by defendant had been paid and the policy was in full force at the time the action was begun; that plaintiff had injured his leg and was wholly disabled. It described the nature of the injury and stated it had caused plaintiff to be permanently, wholly and continuously disabled from the time of the injuries and could cause him to be wholly disabled for the balance of his life.

The petition then quoted part of the insuring agreement of the policy as follows:

"If such injuries as described in the insuring clause do not result in any of

the above-mentioned specific losses, but shall wholly and continuously disable the insured, one day or more, and so long as the insured lives and suffers said total loss of time, the Association will pay monthly indemnity at the rate of $100.00."

The petition further stated that defendant had paid plaintiff from the date of the injury the sum of $100 a month until October, 1951, and although plaintiff had demanded that defendant continue the monthly payments, defendant refused.

The petition then contained a statement from the policy as follows:

"When claim for permanent total disability of the Insured, due to bodily injuries or sickness covered by this policy, has been filed, and approved while this policy is in force, there will be no further premium payable, but the Insured will draw benefits as provided in the policy."

The petition further stated that notwithstanding the fact that defendant accepted plaintiff's claim and paid the sum of $100 per month, the defendant also demanded from plaintiff the quarterly premium which had been paid notwithstanding the waiver of the premium clause and that plaintiff was entitled to a judgment against defendant for the return of the $96 premiums paid, with interest at the rate of 6%, and for the sum of $100 a month from October, 1951, to June, 1952, or $900.

The second count made all the allegations of the first count a part and stated that plaintiff's life expectancy was 24.43 years; that he was permanently and wholly disabled from carrying on his usual avocation and was entitled to the sum of $29,316 for disability payments at the rate of $100 per month for the balance of his life expectancy, or in the alternative for a decree, adjudging that the defendant pay plaintiff $100 per month for so long as he might live.

Judgment was prayed in the above amounts. A copy of the policy was attached.

The defendant answered admitting the issuance of the policy but denied that it was in full force when the action was brought and alleged it was terminated by defendant refusing to renew it and that it was not in force after July 1, 1952, for the same reason. The answer admitted the existence of the Waiver Premium Clause but denied that plaintiff was entitled to its provisions because he did not file a claim for permanent, total disability. The answer further admitted the payment of disability payments in the amount of $100 a month from the date of the alleged injuries until October 1, 1952,

but denied that plaintiff was entitled to the payment of any further benefits under the policy after the date of termination of the policy.

The amended reply alleged the reason why plaintiff had not filed any claim.

Subsequently the defendant filed a motion to be permitted to withdraw that portion of its answer made to plaintiff's claim for permanent disability.

In this motion defendant referred to two pre-trial conferences and to stipulations of facts not pertinent to the motion and stated that under the pleadings as drawn it was questionable whether an answer could be obtained to the legal questions as to the liability of defendant upon the policy.

This motion was sustained and defendant was permitted to withdraw its answer.

Whereupon defendant filed a demurrer to the second cause of action for the reason that the allegations contained therein did not state a cause of action for plaintiff and against defendant.

This demurrer was sustained—hence this appeal.

The abstract filed with us refers to two pre-trial conferences and stipulations and to two exhibits, same being letters written by defendant to plaintiff. These letters are made a part of the abstract.

In arguing the appeal from the judgment sustaining the demurrer of defendant, plaintiff refers to these letters.

At the outset, we do not regard these letters as a proper matter to be considered upon the appeal from the order sustaining the demurrer. A demurrer to a pleading is considered entirely upon the allegations contained and proper exhibits attached thereto. The pre-trial statute is G. S. 1949, 60-2705. It sets out what matter may be considered at pre-trial conferences, one of these being:

"The necessity or desirability of amendments to the pleadings."

The statute then provides the court shall make an order which recites the actions taken at the conference among others being the amendments allowed to the pleadings and other matters not now important. This procedure was not followed by the parties following these pre-trial conferences. Actually we are in the dark except for the statement of the attorneys as to what was done at the pre-trial conferences, whether amendments were allowed or not. Had counsel for the plaintiff wished to have these letters considered on the demurrer to the petition they should have been attached as exhibits and thus properly presented to us on the record.

We go then to an examination of the second cause of action as to whether it stated a cause of action.

The plaintiff states the question to be, under the allegations of the amended petition—Is the plaintiff entitled to recover future payments based on his life expectancy or is he limited to the amount due at the time the action was filed or time of trial?

Counsel refer to *Mabery v. Western Casualty and Surety Co.,* 173 Kan. 586, 250 P. 2d 824, and *Upham v. Shattuck,* 151 Kan. 966, 101 P. 2d 901, as authority for the statement that we have by inference indicated that future payments based on life expectancy are recoverable under the theory of anticipatory breach if that breach is of a bilateral contract. We cannot give those two authorities quite the weight for which plaintiff contends in this case.

In an action such as this we must consider the plaintiff's right to recover under the particular contract involved. This contract contained, amongst others, the following clause:

"8. The Association shall have the right and opportunity to examine the person of the Insured when and so often as it may reasonably require during the pendency of claim hereunder, and also the right and opportunity to make an autopsy in case of death where it is not forbidden by law."

Clearly this clause was written into the contract to meet the very situation we have here. The purpose of the clause is to provide a means whereby the company may ascertain at any time it deems it advisable whether an insured to whom it is making payments is still totally disabled. To hold that an insured might bring an action and obtain a binding adjudication that the insured was totally disabled would be to render that clause meaningless. It would amount to writing a new contract for the parties with the clause out of it.

As good a statement of the rule as may be found is in *Mobley v. N. Y. Life Ins. Co.,* 295 U. S. 632, 55 S. Ct. 876, 79 L. Ed. 1621. There considering a case a great deal like this where an insured was seeking to obtain a judgment that he was totally and permanently disabled on the theory of anticipatory breach, the Supreme Court of the United States said:

"Mere refusal, upon mistake or misunderstanding as to matters of fact or upon an erroneous construction of the disability clause, to pay a monthly benefit when due is sufficient to constitute a breach of that provision, but it does not amount to a renunciation or repudiation of the policy."

Here nothing is pleaded that would show any evidence of bad

faith on the part of the defendant, only a refusal due to a natural doubt as to whether plaintiff is actually totally disabled.

That question will be settled when the first cause of action with which we are not concerned here is tried.

The judgment of the trial court is affirmed.