### J. H. HARRIS v. ALLEN BELL.

**No. 469.\*** (59 Pac. 1095.)

PRACTICE, DISTRICT COURT— *Service of Summons—Limitation— Defense.* When a petition in replevin states a cause of action, and the defendant relies upon the fact that a valid service of summons was not had until more than two years after the cause of action accrued, such defense must be raised by an answer, and not by a demurrer to the petition.

Error from Harper district court; G. W. McKAY, judge. Opinion filed February 19, 1900. Affirmed.

*Geo. B. Crooker*, and *T. A. Noftzger*, for plaintiff in error.

*Geo. E. McMahon*, and *S. W. Shattuck*, for defendant in error.

---

*Petition for order to certify denied by supreme court April 6, 1900.—REP.

The opinion of the court was delivered by

Dennison, P. J. :  On the 20th day of February, 1890, the defendant in error filed his petition in the district fourt claiming the right to the possession of certain personal property valued at $745.  A summons and order of delivery were issued and possession of the property obtained by the defendant in error thereunder.  Afterward, on March 28, 1891, the summons and order of delivery and the service thereof were set aside.  On August 5, 1893, the defendant in error caused an *alias* summons to issue, which was served on Harris August 8, 1893.  No further summons was served upon Jennings and no further order of delivery was ever issued.

Harris demurred to the petition upon the ground " that the statements and allegations in said petition contained are not sufficient to constitute a cause of action in favor of the plaintiff as against defendant." On January 3, 1894, this demurrer was overruled, and, Harris electing to stand on his demurrer, judgment was rendered against him and in favor of Bell for the possession of the property and for costs.  Harris brings the case to this court for review.  The petition clearly states a cause of action.  The plaintiff in error relies upon the fact that the service of the *alias* summons was made more than two years after the cause of action accrued.

This is certainly a good defense, but a demurrer to the petition is not the proper way to raise it.  Section 89 of chapter 95, General Statutes of 1897 (Gen. Stat. 1899, § 4339), provides that " the defendant may demur to the petition only when it appears on its face.
.  .  .  Sixth, that the petition does not state facts sufficient to constitute a cause of action."  And sec-

tion 91 of the same chapter (Gen. Stat. 1899, § 4341) says: "When any of the defects enumerated in section 89 do not appear upon the face of the petition the objection may be taken by answer."

The judgment of the district court is affirmed.