No. 35,714

AMERICAN GLYCERIN COMPANY, *Appellant,* v. C. S. FREEBURNE, WALLACE SIEBERT, OSCAR SIEBERT, J. M. DEVEREUX, C. R. NUTTLE et al., *Appellees.*

(138 P. 2d 468)

Opinion filed June 12, 1943.

*W. H. Coutts, Jr.,* of El Dorado, was on the briefs for the appellant.

*L. J. Bond,* of El Dorado, and *David W. Wheeler, Jr.,* of Marion, were on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was an action to recover from a number of defendants the purchase price of supplies and equipment for an oil and gas lease. Two defendants, Wallace Siebert and Oscar Siebert, doing business as Siebert Bros., demurred to the petition upon the ground it disclosed upon its face no cause of action was stated against them, or either of them, for the reason the action was barred by the statute of limitations. The demurrer was sustained and the action was dismissed as against those defendants. From that ruling plaintiff appeals.

The action was filed in the district court of Butler county November 19, 1937. The petition, insofar as material, in substance alleged:

C. R. Nuttle was the owner of the fee title to the land; C. S. Freeburne, C. R. Nuttle, J. M. Devereux, Wallace Siebert and Oscar Siebert, doing business as Siebert Bros., were the owners of the leasehold estate and the materials and equipment were furnished June 18, 1935, at the instance and request of all defendants except C. R. Nuttle; all the defendants were residents of Butler county; plaintiff demanded payment of the account, which was refused (a copy of the mechanic's lien statement was attached to and made a part of the petition).

Appellant prayed for personal judgment against each and all of the defendants. Appellant admits it did not foreclose its lien in time and that the only remaining purpose of the action was to obtain a personal judgment against defendants. It is, of course, conceded an action on an oral contract is not barred until three years after the cause of action accrues. (G. S. 1935, 60-306, *Second.*)

Was the demurrer properly sustained? The face of the petition did not disclose the action was barred. The particular defendants who purchased the materials for their oil and gas lease were united in interest. G. S. 1935, 60-308, provides:

"An action shall be deemed commenced within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a codefendant who is a joint contractor, or otherwise united in interest with him."

In order to ascertain when the action was actually commenced against appellees, the trial court examined the files in the case and

considered such facts disclosed thereby as it believed necessary in order to determine whether the action against appellees was barred. The files disclosed the following facts:

A summons was issued November 19, 1937, and served on C. R. Nuttle on November 26, 1937, in Butler county; December 4, 1937, C. R. Nuttle demurred to plaintiff's petition on the ground the petition stated no cause of action against him; the demurrer was sustained January 3, 1938, and no further pleading was filed by appellant with respect to C. R. Nuttle and no appeal was taken from that ruling; March 2, 1938, a summons was issued to the sheriff of Lyon county which was served on C. S. Freeburne March 4, 1938; a summons was issued November 10, 1939, to the sheriff of Montgomery county and was served on J. M. Devereux November 13, 1939; a summons was issued January 5, 1940, to the sheriff of Marion county, and on January 8, 1940, it was served on Wallace Siebert and Oscar Siebert; February 1, 1940, Wallace Siebert and Oscar Siebert made a special appearance to quash that service for the reason the court was without jurisdiction as to them; before the court ruled upon their motion and on May 2, 1940, appellant caused an alias summons for appellees to be issued to the sheriff of Marion county; April 23, 1940, J. M. Devereux had entered his voluntary general appearance in the action; May 3, 1940, the above-mentioned summons for appellees was served on them by the sheriff of Marion county; May 29, 1940, Wallace Siebert and Oscar Siebert, appellees, moved to quash the service had on them under the alias summons; October 14, 1941, the court overruled that motion upon the ground J. M. Devereux had entered his general appearance April 23, 1940, and for that reason the court had jurisdiction of appellees.

The foregoing was the record as disclosed by the files in the clerk's office when the demurrer was sustained. Appellant first insists the contention the action was barred could not be raised by demurrer for the reason that under the express provisions of G. S. 1935, 60-705, a party may demur to a petition only when the alleged defect appears *on the face* of the petition and that G. S. 1935, 60-707, provides that where any defect enumerated in G. S. 1935, 60-705, does not appear *on the face* of the petition the objection may be taken by answer. The statutes do so provide. It repeatedly has been held that in order to render a petition demurrable on the ground the action is barred such fact must affirmatively appear on the face of the petition. (*Walker v. Fleming*, 37 Kan. 171, 14 Pac. 470; *Harris*

*v. Bell,* 9 Kan. App. 706, 59 Pac. 1095; *Mentzer v. Burlingame,* 71 Kan. 581, 81 Pac. 196; *Chandler v. Runnels,* 138 Kan. 673, 27 P. 2d 232; *West v. Sims,* 153 Kan. 248, 109 P. 2d 479; *Bacon v. Rives,* 106 U. S. 99, 27 L. Ed. 69; 34 Am. Jur., Limitation of Actions, § 443; 49 C. J., § 535, pp. 420, 421.) On the precise point involved in *Harris v. Bell,* supra, it was held:

"When a petition in replevin states a cause of action, and the defendant relies upon the fact that a valid service of summons was not had until more than two years after the cause of action accrued, such defense must be raised by an answer, and not by a demurrer to the petition." (Syl.)

Appellees cite no authorities to the contrary but earnestly urge the court should be permitted to go outside the face of the petition in order to ascertain when the action was actually commenced against them. They argue no useful purpose can be served by requiring them to set forth in an answer the facts concerning the dates or the invalidity of service had on the respective defendants who were united in interest. The contention is an interesting one and it has received our serious consideration. In the first place we are confronted with the provisions of G. S. 1935, 60-705 and 60-707. The statutory direction of the lawmakers with respect to what defect, or defects, in a petition may be challenged by demurrer is definite, certain and unambiguous. Manifestly, courts cannot ignore the legislative intent when clearly expressed. Courts cannot arbitrarily read an exception into the statute and say that whenever a demurrer raises the question whether an action is barred then courts may go outside the petition, search the files and determine whatever preliminary legal questions it is necessary to determine in order to ascertain whether an action as to certain defendants was commenced in time.

Reasons which prompt legislation are within the province of the lawmakers. When the intent and purpose of a law is clear, the statute is a sufficient reason for requiring compliance with its provisions. Reflection, however, discloses the requirement that the pleader set forth in an answer his objection to a petition when the defect does not appear on the face of the petition is not without reason or merit. And this is equally true where questions pertaining to the date or validity of service on various defendants are involved. It is doubly true when, as here, a question is raised by appellant with respect to which defendants, under the averments of the petition, are so united in interest as to make service on some

of them equivalent to the commencement of the action as to others. In the instant case the procedure of the trial court in searching the files was not as simple as the mere act of examining one sheriff's return for the purpose of ascertaining the date on which summons was served on appellees. The trial court, in view of the allegations of the petition, was required to examine the files in order to determine the effect of its previous ruling in sustaining the general demurrer of the defendant, Nuttle. It was necessary to determine the validity of the service of summons on the defendant, Freeburne, in Marion county on March 4, 1938, which service was subsequent to the order sustaining the general demurrer of the defendant, Nuttle. The court was also required to ascertain the date of the voluntary appearance of the defendant, Devereux, and the effect of that appearance on the commencement of the action against appellees. None of these facts and circumstances, or the effect thereof, could be determined from a consideration of matters appearing on the face of the petition.

Another matter of importance which readily suggests itself as a reason for the statutory provisions is one which may not exist in the instant case but may be vital in others. It is pertinent to the subject under consideration. Supposing appellant desired to plead in reply to the facts disclosed by the files in this case, after they were set up in an answer, that appellees had been outside of the state most of the time between the filing of the action and the date summons was served on them. Could appellant be deprived of that right? Manifestly not if the provisions of the code are followed. It could be deprived of that right, however, if they are not followed and a demurrer is sustained to a petition which does not on its face disclose the action is barred.

If the instant action is barred the facts constituting the bar may be stated in an answer as required by the code. If appellant desires to controvert the allegations of the answer, he may do so in an appropriate manner and thus join issue on all questions to be determined. Such procedure protects the rights of all parties. This, we think, was the purpose and intent of the framers and enactors of the code. We have, therefore, concluded the trial court erred in sustaining the demurrer to the petition.

In view of this conclusion we cannot consider the further contention of appellant that the action against appellees was not in fact barred. The answer to that contention would require this court

to do the very thing we have said the trial court could not do in ruling on the demurrer to this petition, which is, to consider facts which do not appear on the face of the petition. All we can now say is the petition does not show on its face that the action is barred. The ruling on the demurrer is reversed.