No. 36,473

ALBERTA SIMMONS and ALICE CARR, *Appellants*, v. FLORENCE GILL, *Appellee.*

(166 P. 2d 574)

Opinion filed March 9, 1946.

*William Keith,* of Wichita, argued the cause for the appellants.

*John B. Bryant,* of Wichita, argued the cause, and *B. Mack Bryant,* of Wichita, was on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to partition real estate. The trial court rendered judgment on the pleadings in favor of defendant and the plaintiffs appeal.

Plaintiffs' original petition was filed October 8, 1943. Defendant's demurrer to it having been sustained, plaintiffs later filed an amended petition alleging they had a legal and equitable estate in and to certain real estate in Wichita and that defendant kept them out of possession, and that their interest arose out of the following facts and circumstances. Plaintiffs are the sole surviving heirs of Etta Coe, who died intestate on February 7, 1930, leaving plaintiffs and her surviving husband Lee Coe as her heirs; that on November 23, 1925, Etta Coe and Lee Coe contracted with one Blackwell to purchase the involved real estate for $1,850, payable in monthly installments and that Etta Coe paid monthly installments

to the amount of $1,000 out of her separate funds; that following the death of Etta Coe the said Lee Coe completed the payments and received a deed conveying the real estate to him and that he then became the legal owner with a resulting trust therein of a 20/37th interest vested in the heirs of Etta Coe, and by reason of the premises Lee Coe was vested with a 27/37ths interest and each of the plaintiffs with a 5/37ths interest in the real estate.

The plaintiffs further alleged that the real estate was purchased and occupied as a homestead by Etta Coe and Lee Coe until the death of Etta Coe and thereafter Lee Coe and the plaintiffs continued to occupy the real estate as their homestead and as tenants in common until the respective marriages of the plaintiffs in 1936 and 1938, and that prior to the death of Lee Coe he never asserted any claim or interest adverse to the plaintiffs.

The plaintiffs further alleged that Lee Coe died testate at Wichita, Kan., on August 28, 1940, devising all of his interests in the real property to the defendant Florence Gill, and that continuously since the death of Lee Coe the defendant Gill has been occupying and renting the real estate, claiming to own all of the same under and by virtue of the will of Lee Coe, deceased, and since August 28, 1940, has excluded plaintiffs from possession and has made no accounting to plaintiffs. The prayer was for recovery of possession, for partition of the real estate, or if partition could not be had for its sale and division of the proceeds.

The defendant's demurrer to the amended petition having been overruled, she filed an answer denying generally, except for certain admissions later made, and alleging more fully that the will of Lee Coe was admitted to probate in Sedgwick county probate court; that the real estate was listed in the inventory; that each of the plaintiffs had full knowledge of the probate proceedings; that a final settlement was made and the real estate assigned to the defendant Florence Gill; that at no time did plaintiffs or either of them assert any claim and no appeal was taken from the order and judgment of the probate court of Sedgwick county assigning the real estate to the defendant Florence Gill. Other allegations of the answer need not be noted.

Plaintiffs' demurrer to the answer was overruled and they replied, denying any new matter alleged in the answer.

When the cause came on for trial, the plaintiffs requested a jury trial on the ejectment issue, and the defendant moved for judg-

ment on the pleadings. Then followed colloquy among respective counsel and the trial court in which some reference was made to the right of plaintiffs to a trial by jury on the ejectment issue before they had made a prima facie showing of their claimed ownership, to the allegations of plaintiffs' petition and to the probate court files, at the conclusion of which the trial court sustained defendant's motion and rendered judgment against the plaintiffs and in favor of the defendant. In due time the plaintiffs perfected their appeal to this court.

Appellants' specifications of error are that the trial court erred in overruling their demurrer to appellee's answer; in refusing them a jury trial; in entertaining appellee's objection to introduction of evidence and her motion for judgment on the pleadings; and in sustaining the motion for judgment.

Although appellants make reference in their argument as to what the probate court files showed, we agree with their statement, otherwise made to rebut contentions of the appellee, that these files were not a part of any pleading, nor, because of the manner in which the cause was tried, were they ever offered or received in evidence. Our discussion is limited to the pleadings.

We shall not separately discuss appellants' demurrer to appellee's answer and appellee's motion for judgment on the pleadings. Although not so presented in the briefs, that demurrer searched the record and should have been sustained, if at all, to the first defective pleading. See *Burris v. Burris,* 140 Kan. 208, 34 P. 2d 127, 96 A. L. R. 432; *Beeler & Campbell Supply Co. v. Warren,* 149 Kan. 135, 86 P. 2d 482; *Dixon v. Fluker,* 155 Kan. 399, 125 P. 2d 364. Insofar as appellee's motion for judgment on the pleadings is concerned, the consideration was limited to allegations of appellants' amended petition and any allegations of appellee's answer admitted by appellants' reply. In the instant case there were no such admissions. The result is that we examine the petition to determine whether it stated a cause of action.

The gist of appellants' contention the trial court erred is that in their petition they allege a resulting trust under which Lee Coe held a certain interest for them in the real estate standing in his name prior to his death and the probate of his will and there was nothing for them to complain of in the probate court, hence no necessity for them to appeal from the order of final settlement. In support they rely largely upon *Allbert v. Allbert,* 148 Kan. 527,

83 P. 2d 795, where this court considered a ruling on a demurrer to a petition alleging somewhat similar facts, and where, in substance, it was held that the allegations constituted an implied trust against which the bar of the statute of limitations would not begin to run until the trust was repudiated, and that a devisee under a will took only what the testator had, a trust, and subject to that trust. That case was decided in 1938 and prior to the enactment of the present probate code.

In 1939 the present probate code was enacted and many cases have been before this court construing its various provisions, and their effect insofar as remedies formerly pursued in actions in the district court are concerned. One of the recent cases is *Gantz v. Bondurant*, 159 Kan. 389, 155 P. 2d 450, where a part of the contentions urged covered substantially every question raised by the appellants in the instant action. In the instant case, the facts concerning acquisition of title by Lee Coe are pleaded, but there is no allegation of any agreement that he took the title or was to hold the title for the use and benefit of any one but himself. There is an allegation that he died testate in 1940. Although the petition is silent as to whether or not his estate was administered, appellants, as claimants, had the duty of having an executor or administrator appointed within one year after his death in order that they might make timely assertion in the probate court of their claims against his estate. If his will was admitted to probate and an executor appointed, and appellants asserted their claims in the probate court, there is no allegation to that effect.

The only interpretation that may be placed on the appellants' petition is that Lee Coe held the title to the involved real estate and that he died in August, 1940, and that there was no assertion by appellants of their claims until they commenced the present action in the district court in October, 1943. It is not necessary that we review the contentions made in *Gantz v. Bondurant*, supra, and their determination by this court. It is clear that under the decision there rendered, the assertion of the claim, even though it had been made in the probate court, was too late. And it is equally clear that the claim must have been asserted first in the probate court and against the estate of Lee Coe. In that case it was said, *inter alia*:

"Any claim or demand against a decedent's estate or a portion thereof must be filed in the probate court except where express provision is made in the probate code for filing it in the district court." (l. c. 393.)

Nine of our cases decided since 1939 are cited in support of the language quoted. We shall not review any of them but content ourselves with the observation they support the quoted statement.

The rule of *Allbert v. Allbert,* supra, relied on by appellants, has been superseded by statutory changes effected by the probate code. The present appeal must be ruled by *Gantz v. Bondurant,* supra, and the cases of like import cited therein.

The amended petition shows that appellants had failed to make timely assertion of their claims in the probate court, and that when the amended petition was filed in the district court they were without right to maintain an action in that court. Appellants were not entitled to maintain an action in ejectment and the trial court committed no error in refusing them a trial by jury.

It follows the trial court did not err in rendering judgment against appellants and in favor of appellee, and its judgment is affirmed.