No. 37,967

MILDRED LEE, *Appellant,* v. HERMAN BEUTTEL, *Appellee.*

(223 P. 2d 692)

Opinion filed November 10, 1950.

*Harold H. Malone* and *D. Emmett Foley,* both of Wichita, were on the briefs for the appellant.

*Sidney L. Foulston, Enos E. Hook, John H. Gerety,* and *Sidney L. Foulston, Jr.,* all of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: A tenant of a city building filed an action against her landlord to recover damages for an alleged unlawful eviction. The district court sustained a demurrer to her amended petition. The correctness of that order is the sole issue on appeal.

The tenant, appellant, previously had been evicted from the premises at the conclusion of an unlawful detainer action instituted by the landlord, appellee, in the city court of Wichita. The demurrer admits as true the following allegations of the amended petition:

The original written lease was executed on or about January 31, 1946, for a period of five years to Mary Montgomery who, on or about April 1, 1946, orally assigned it to appellant and another person, together with the fixtures and equipment in the beauty shop and its good will; about one year thereafter the other assignee orally assigned her interest in the lease and beauty shop to appellant who has since operated it; appellant promptly paid the rentals as they fell due and has complied with all other terms of the lease; on or about June 1, 1949, appellee requested that appellant surrender possession of the premises stating he had not given his written consent to the assignment of the lease as required by the lease contract; appellant refused to surrender possession and the unlawful detainer action followed.

The parties concede the issue raised and determined against appellant in the city court was the validity of the assignment and her right to remain in possession of the premises in view of her compliance with the terms of the lease over the period she had been in possession of the property.

It is unnecessary to detail all the allegations of the amended petition in the instant damage action. The fundamental question argued by the parties relative to the ruling on the demurrer is whether the amended petition discloses on its face the judgment of the city court is a bar to the instant action for damages. Appellee contends it does. Appellant insists it does not. These contentions require examination of another allegation in the amended petition. It refers to the complaint filed in the city court and reads:

"That said complaint in said action was *unverified* at the time said summons was issued and served, and that defendant requested and was' granted leave to verify said complaint at the trial of said purported action." (Our italics.)

The summons in the city court, of course, had been issued and served prior to the amendment of the complaint. Appellant contends, absent a *verified* complaint before the summons issued, the city court could not direct the issuance of a summons and it acquired no jurisdiction in the unlawful detainer action; under these circumstances the city court had no power to permit an amendment of the complaint and its judgment was a nullity. In support of these contentions appellant relies on G. S. 1935, 61-1305 and *Harris v. Christy*, 166 Kan. 395, 201 P. 2d 1067, in which we held:

"The jurisdiction of a justice of the peace, or of a city court, in unlawful detainer or in forcible entry and detainer actions, is subject to a legal issuance of summons in such an action.

"An action in forcible entry and detainer is a special proceeding, summary in its nature, and in derogation of the common law. Unless statutes conferring jurisdiction in such actions are strictly pursued in the method of procedure prescribed, jurisdiction will fail to attach and the proceeding will be not merely voidable, but void.

"Under the express provisions of G. S. 1935, 61-1305 a summons may not be issued until the plaintiff has filed a complaint in writing under oath and the issuance of a summons in violation of the statute before the required *verified* complaint has been filed will not cause jurisdiction to attach.

"The mere fact a party to an action may by conduct waive previous lack of jurisdiction over his person does not vest a court with jurisdiction of the subject matter." (Syl. ¶ 2, 3, 4, 5.)

In appellee's counter abstract his counsel set forth additional proceedings which it appears occurred in the city court prior to the trial of the detainer action and state these proceedings will not be denied by appellant's counsel. The trouble with that statement is the additional proceedings set forth by appellee are no part of the amended petition. A demurrer admits only facts appearing on the face of the pleading attacked by demurrer. (G. S. 1935, 60-705.) Assuming, without deciding, the additional facts set forth by appellee in the counter abstract are true courts cannot reach out and make them a part of the amended petition. (*American Glycerin Co. v. Freeburne*, 157 Kan. 22, 138 P. 2d 468; *Elam v. Bruenger*, 165 Kan. 31, 32, 193 P. 2d 225.)

The mere allegation in the amended petition previously quoted, standing alone, is not sufficient to disclose the city court had jurisdiction to entertain the action. The additional facts on which appellee relies to establish the city court's jurisdiction must be brought into the instant action by answer. (G. S. 1935, 60-710.) Only then can their legal effect be determined.

The question of the city court's jurisdiction is the first and fundamental issue to be determined in the instant action. If the city court acquired no jurisdiction in the detainer action then no question involved in that proceeding, whether it be the validity of the assignment or any other question, has been determined. On the other hand if the additional facts on which appellee now desires to rely disclose the city court acquired full jurisdiction then its judgment, absent an appeal therefrom, is a finality. That is true irrespective of whether its judgment was right or wrong. Until the question of the city court's jurisdiction has been properly raised and determined we shall not pass on the identical legal question pertaining to the validity of the assignment which the city court laid at rest if it had jurisdiction.

Appellant also contends the instant action to recover damages for wrongful eviction is an action entirely distinct and different from the unlawful detainer action in the city court and that it may be maintained after judgment by the city court even though the judgment of the city court against her was correct, citing G. S. 1935, 61-1303.

The contention is too broad. We need not pursue the contention as applied to an entirely different state of facts. Here it is conceded the judgment of the city court was based on the single issue of the invalidity of the assignment of the lease and appellant's performance thereunder. Other than the question of the city court's jurisdiction that is the primary issue in the instant damage action. As previously stated, if the city court had jurisdiction its judgment on that issue, absent an appeal therefrom, is final. Under that judgment appellant was not entitled to possession. If she was not entitled to possession then no damages could result from her eviction. It is well to observe appellant's right to possession as pleaded in the amended petition in this action is not based upon a changed state of facts from those existing at the time of the trial before the city court. In this connection see *McHenry v. Hubbard,* 156 Kan. 415, 134 P. 2d 1107.

Appellant, as already indicated, is, however, correct in her contention that the amended petition does not disclose on its face the city court had jurisdiction. It follows the order sustaining the demurrer must be reversed. It is so ordered.