39,493

Percy Whitaker, *Appellant,* v. William H. Douglas, R. A. Douglas, and M. M. Douglas, doing business as Douglas Construction Company, a Co-partnership, *Appellees.*

(277 P. 2d 641)

Opinion filed December 11, 1954.

*Herbert A. Marshall,* of Topeka, argued the cause, and *Allen Meyers, Philip C. Gault,* and *Doral H. Hawks,* all of Topeka, were with him on the briefs for the appellant.

*T. M. Lillard,* of Topeka, argued the cause, and *O. B. Eidson, Philip H. Lewis, James W. Porter,* and *Charles S. Fisher, Jr.,* all of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Wertz, J.: This was a common law action to recover damages for personal injuries alleged to have been caused by the negligence

of the defendants. Plaintiff appeals from the order of the trial court sustaining defendants' motion for judgment on the pleadings.

The pertinent part of the petition alleged plaintiff's residence; that the defendants were co-partners engaged in the construction business; that plaintiff was operating a truck with cement mixer attached, the aggregate weight of which was fourteen tons; that he was delivering the cement for the Victory Sand Company, his employer, to the defendant construction company; that defendants were engaged in constructing a building on State property, and in connection therewith constructed a ramp about sixty feet in length on the side of the building to the second floor level; that the ramp was under the direction, supervision and control of the defendants and their agents, and had been constructed by them in order that the trucks operated by plaintiff, and other trucks similarly engaged, could back into a position to permit the dumping of concrete being used by defendants in constructing the buiding; that the ramp was made of dirt to a point about six feet south of the south wall of the building, and the open area of approximately six feet from the end of the earthen ramp to the building was bridged by four 3 x 12 planks, which acted as a runway of two planks each for the right and left wheels of trucks using the ramp, and that the ramp was negligently and carelessly constructed and was not a safe place for trucks to back; that in the use of the ramp by plaintiff in the operation of his truck, he was directed by an employee of the defendants acting in the capacity of a flagman in furtherance of defendants' business, and on the invitation of defendants' flagman, plaintiff was backing his truck up the ramp expecting to stop the truck at the end of the eastern portion thereof, when his truck was in proper position to discharge the load of cement, and the plaintiff was looking to the rear while so backing, relying upon the defendants' flagman, who was regularly employed as such to properly signal him when and where to stop on the ramp, but that the flagman negligently and carelessly failed to give any warning or signal to plaintiff of his truck's approach to a position of imminent danger on the ramp; that the planks gave way under the weight of plaintiff's truck, causing it to overturn, pinning the plaintiff in the cab, causing him serious injuries alleged in detail.

Plaintiff alleged the defendants were negligent in failing to properly construct and maintain the ramp, and negligent in that their agent and employee, while acting in the scope of his employment as a flagman to direct plaintiff and other drivers on the project

in the operation of their trucks on the ramp, carelessly and negligently failed to give any signal or warning to plaintiff to stop as he backed his truck upon the ramp into a position to discharge his load of concrete. The petition closed with a prayer for damages allegedly sustained.

Defendants' answer admitted the residence of the parties and that plaintiff was operating the truck, as described, as an employee of the Victory Sand Company, and denied generally all other allegations. They further alleged acts of contributory negligence on the part of plaintiff, and stated that prior to the accident, defendants entered into a contract with the State of Kansas to construct the building described in the petition, and that they were engaged in such construction work as a part of their trade and business, and in connection therewith they entered into an oral contract with the Victory Sand Company whereby that company was to furnish ready-mixed concrete and place the same in forms or receptacles in the building being constructed by defendants, and while the plaintiff was so employed he received injuries upon the premises of the defendants while carrying on their construction work; that prior to the accident complained of, defendants had filed their election to come under the provisions of the Workmen's Compensation Act (G. S. 1949, ch. 44), and were so operating, and that the plaintiff became in legal effect the employee of the defendants, and his sole remedy was under the provisions of that act, and that no action at common law could accrue to him.

The plaintiff filed his reply to defendants' answer denying all the allegations of new matter contained therein and specifically denied under oath that he was in any manner or to any degree an employee or servant of the defendants. To the pleadings thus framed, defendants filed a motion for judgment on the ground that under the allegations and admissions contained in the pleadings, plaintiff's sole remedy was under the provisions of the Workmen's Compensation Act and, therefore, he had no common law right of action against defendants.

In determining whether defendants' motion for judgment on the pleadings, consisting of the petition, answer and reply, should be sustained, our consideration is limited to well pleaded allegations of the petition and reply which must be accepted as true, supplemented by any allegation of the answer admitted by the reply. Neither the trial court nor appellate court on review is concerned

with disputed fact questions raised by the answer and allegations pertaining to such matter, and they have no place in a statement of facts upon which a decision is based. In short, allegations in an answer which are not admitted by the reply are not entitled to consideration in ruling on a defendant's motion for judgment on the pleadings. *(Lessley v. Kansas Power & Light Co.,* 171 Kan. 197, 231 P. 2d 239; *Simmons v. Gill,* 161 Kan. 123, 166 P. 2d 574; *Northington v. Northington,* 158 Kan. 641, 149 P. 2d 622.)

Counsel for the parties in their briefs would have us consider as a part of the pleadings to which the motion for judgment was lodged, the new matter set up in defendants' answer, which was denied by plaintiff's reply, and certain admissions made in open court and included in the court's order sustaining the motion for judgment, that defendants were operating under the Workmen's Compensation Act. We know of no statute or decision of this court, and none have been cited, permitting us to do so.

We have stated many times that a motion for judgment on the pleadings is to be regarded as a demurrer, treating it as admission of all facts well pleaded by opposing parties, and leaving no issue of fact to be determined. *(Northington v. Northington,* supra; *Simmons v. Gill,* supra.) And the court in so ruling on such a motion or demurrer is not justified in reaching out and making additional facts a part of the pleadings to which the motion or demurrer is lodged. *(Wahl v. Walsh,* Case No. 39,504, infra, this day decided, 177 Kan. 176, 277 P. 2d 623; *Lee v. Beuttel,* 170 Kan. 54, 223 P. 2d 692.)

In *Southard v. Mutual Benefit Health & Accident Ass'n.,* 177 Kan. 26, 276 P. 2d 299, we held that a demurrer to a pleading, like a motion for judgment on the pleadings, is considered entirely upon the allegations contained therein and the proper exhibits attached thereto.

Inasmuch as any admissions made by plaintiff are wholly outside the pleadings to which the motion for judgment was lodged, and the defensive matter contained in defendants' answer is denied by plaintiff's reply, the only matter left for our consideration is—does the petition state a cause of action against defendants based on negligence? Defendants state in their brief that the petition sets forth a straight common law action against defendants to recover on his own behalf for personal injuries alleged to have been caused by the negligence of defendants, and our careful

review of the petition discloses nothing appearing on its face which would justify the trial court's sustaining the motion for judgment.

The judgment of the trial court is therefore reversed with directions to set aside the judgment entered therein.

It is so ordered.