No. 39,504

GARY THEODORE WAHL, by DORIS GILBERTSON WAHL, His Guardian, *Appellee,* v. CAPT. THEODORE H. WALSH, *Appellant.*

(277 P. 2d 623)

Opinion filed December 11, 1954. 

*William W. Dimmitt, Jr.,* of Topeka, argued the cause, and *Edward Rooney, Jacob A. Dickinson* and *David Prager,* all of Topeka, were with him on the briefs for the appellant.

*Chas. H. Bradbury,* of Topeka, argued the cause, and *Willard B. Rogers,* of Topeka, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an action by a minor child, by its mother and guardian, against the father of the child for support.

Defendant has appealed from an order overruling his demurrer to the petition.

On account of our disposition of the case, it is deemed advisable to set out the petition in full, omitting caption and signature:

"Comes now the plaintiff, Gary Theodore Wahl, by Doris Gilbertson Wahl, his mother and guardian, said Doris Gilbertson Wahl being the legally appointed guardian of said Gary Theodore Wahl, a minor, by appointment in the Superior Court of the State of Washington, for the County of King, in Probate, by Judge Lloyd Shorett, judge of said court, the order of said court dealing therewith being upon file in said court beneath case number 129573, said order being dated July 30, 1953, a certified copy of which is hereto attached and by this reference expressly incorporated herein; and for cause of action against defendant states and avers:

"1. That the plaintiff, Gary Theodore Wahl is a minor of the age of two years who resides at: 917 James St., Seattle 4, Washington, and prosecutes this action by his legally appointed guardian.

"2. That the defendant, Capt. Theodore H. Walsh, is the father of plaintiff; that plaintiff has no means with which to support himself and is too young to work, and is in destitute and necessitous circumstances.

"3. That defendant has refused and still refuses to contribute in any way or manner to plaintiff's support; that defendant is an able-bodied man, regularly employed by the United States Air Force and is able to support plaintiff.

"4. That the reasonable amount of money necessary to support plaintiff at this time is $1,500.00 per year or $125.00 per month.

"WHEREFORE, plaintiff prays that defendant be ordered by this court to pay unto the plaintiff $1,500.00 per year or $125.00 per month for support of plaintiff; and that the court grant all proper equitable relief in the premises."

No motions were levelled at the petition and defendant's demurrer was on the ground that it failed to state a cause of action in favor of plaintiff and against defendant.

We are not advised of the reasoning of the trial court in overruling the demurrer.

In this court counsel for defendant contend that defendant is a resident of the state of Louisiana; that plaintiff is an illegitimate child; that in determining the duty of a putative father to support his illegitimate child the law of the child's domicile will govern; that by the laws of the state of Washington (that being the domicile of the child and its mother) there is no duty on the part of a putative father to support his illegitimate child; and that under applicable rules of conflict of laws the instant action, which could not successfully be maintained in the state of Washington, cannot be maintained in Kansas.

In fact, the briefs of both parties to the appeal are taken up with arguments pro and con on the foregoing contentions. In so doing we think the parties have gone far beyond the one and only issue in the appeal—does the petition state a cause of action?

Counsel for defendant would have us read into the petition that defendant is a resident of Louisiana; that plaintiff is an illegitimate child, and then apply what they contend the law of Washington to be, and thus conclude that the action cannot be maintained in Kansas.

We cannot do so.

In examining an unmotioned petition as against a demurrer all reasonable inferences to be drawn therefrom are to be resolved in favor of the pleader. Nowhere in the petition or in the exhibit attached thereto is it alleged that defendant is a resident of Louisiana or that plaintiff child is illegitimate. For all the petition shows defendant might well be a resident of Kansas and the plaintiff be his legitimate child.

G. S. 1949, 60-705, provides:

"The defendant may demur to the petition only when it appears on its face, either: *First*, that the court has no jurisdiction of the person of the defendant, or the subject of the action. . . . *Fifth*, that the petition does not state facts sufficient to constitute a cause of action."

In ruling on a general demurrer to a petition a court is not justified in reaching out and making additional facts a part of the petition. The inquiry is to be limited to the allegations themselves. (*Lee v. Beuttel*, 170 Kan. 54, 223 P. 2d 692.) There is nothing appearing on the face of the petition under consideration which would have justified sustaining the demurrer. It states a simple cause of action for support. Extraneous matters argued by the parties are not properly before us and we express no opinion thereon.

The order overruling the demurrer is affirmed.