No. 39,596

WILLIAM KENDALL, LESLIE KENDALL, LESTER HARMON, PERCY WENDT, WILLIAM GRANZOW, MIKE SCHUMP, FRANK KENDALL, CECIL WENDT, AMELIA WENDT, and ADOLPH MEYER, *Appellees,* v. WILFORD ELLIOT, CLARENCE McCREATH and HOWARD SHEPHERD, as the Board of White City Rural High School District No. 8, Morris County, Kansas; C. C. HUNTER, as County Clerk of Morris County, Kansas, and LELAND B. GARNER, as Treasurer of Morris County, Kansas, *Appellants.*

(281 P. 2d 1088)

Opinion filed April 9, 1955.

*Marlin Brown,* of Council Grove, argued the cause, and *Constance L. Brown* and *Don E. Brown,* both of Council Grove, were with him on the briefs for the appellants.

*Walter E. Hembrow,* of Council Grove, argued the cause, and *Thomas J. Butler, Jr.,* of Herington, was with him on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This case is an aftermath of school-district annexation proceedings, and is an action by taxpayers to enjoin the levy and collection of alleged illegal and unlawful taxes for school purposes.

Defendants demurred to the amended petition on the ground the court had no jurisdiction of defendants or the subject of the action; that plaintiffs had no legal capacity to sue, and that the amended petition failed to state facts sufficient to constitute a cause of action.

This demurrer was overruled.

Defendants then filed a motion to quash and dismiss the amended petition on the grounds that plaintiffs had a sufficient and adequate remedy at law; that the subject matter of the action had previously been adjudicated; that plaintiffs had no legal capacity to sue, and that the amended petition failed to state facts sufficient to constitute a cause of action.

This motion to quash and dismiss was likewise overruled, and defendants have appealed from both rulings.

In disposing of this appeal we point out that we are concerned only with the amended petition and the demurrer and motion levelled against it.

In the "statement of facts" contained in their brief defendants attempt to inject numerous facts which nowhere appear in the amended petition. Included among them is a "statement of decision" purportedly made by the state superintendent of public instruction relating to the school-district annexation proceedings. This document was no part of the record below and therefore must be ignored on appeal. In ruling on a demurrer and motion such as we have here a trial court is not justified in reaching out and taking into consideration matters not appearing in the pleading under attack. The inquiry is to be limited to the allegations contained in the pleading. The same rule applies on appeal. In *Wahl v. Walsh,* 177 Kan. 176, 277 P. 2d 623, it was held that a general demurrer to a petition challenges only the sufficiency of the particular facts alleged to state a cause of action, and cannot serve to bring additional facts into the petition which might constitute a defense thereto. See also *Tyler v. Common School District No. 76,* 177 Kan. 387, 392, 279 P. 2d 302.

With this rule as a basis we think it may not be said the amended petition under consideration is defective or vulnerable for any of the reasons alleged. Its allegations will not be set out. As stated, the action is by taxpayers to enjoin the levy and collection of alleged illegal and unlawful taxes for school purposes. In their briefs defendants themselves state that the basis of the action is to enjoin

the White City board members from levying a tax upon the disputed area for school purposes.

G. S. 1949, 60-1121, provides that an injunction may be granted to enjoin the illegal levy of any tax or the collection of any illegal tax, and that any number of persons whose property is or may be affected by a tax or assessment so levied may unite in the action filed to obtain such injunction. We think that clearly plaintiffs' action falls within the purview of that statute. The situation here presented is entirely different from those found in *Smith v. City of Emporia*, 168 Kan. 187, 211 P. 2d 101, 13 A. L. R. 2d 1272, and *Haines v. Rural High School Dist. No. 3*, 171 Kan. 271, 232 P. 2d 437, relied upon by defendants in support of their contention that plaintiffs lack legal capacity to sue.

The facts here are a matter of public as well as private concern, and are of vital importance to numerous taxpayers and taxing officials. As was said in *Sherwood Const. Co. v. Board of County Commrs.*, 167 Kan. 421, 427, 207 P. 2d 409, in the very nature of its character and importance the question presented is one that should not be determined in the absence of a full disclosure of all pertinent facts. It would have been far better, and a much safer practice, to have joined issues by proper pleadings and to have tried the case on its merits rather than to endeavor to obtain a ruling in the manner which was followed. In practical effect, defendants attempt to secure a ruling from this court in advance of trial in the absence of a full disclosure of all material facts. We are in no position to make any such binding adjudication. An examination of the limited record before use discloses that the trial court did not err in overruling the demurrer and the motion to quash and dismiss, and the judgment is therefore affirmed.