No. 40,116

EARL R. BABCOCK, *Appellant,* v. CARL DOSE doing business as CARL DOSE MOTOR SALES, *Appellee.*

(293 P. 2d 1007)

Opinion filed February 29, 1956.

*Sylvan Bruner* and *Morris Matuska,* both of Pittsburg, argued the cause and were on the briefs for the appellant.

*P. E. Nulton,* of Pittsburg, argued the cause and *R. L. Letton,* of Pittsburg, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action to collect an unpaid award in a workmen's compensation case under the provisions of G. S. 1949, 44-512a. The plaintiff appeals from an order sustaining a demurrer to his petition.

Plaintiff commenced the action in district court on July 7, 1955, by the filing of a petition which outlines the facts and discloses the theory on which he bases his right to relief. Omitting formal averments of no consequence and the prayer such pleading reads:

"1. That plaintiff is a resident of and his post-office address is Weir City, Kansas.

"2. That the defendant, Carl Dose, d/b/a Carl Dose Motor Sales, is a resident of Pittsburg, Crawford County, Kansas and the address of his place of business in Pittsburg, Kansas is 404 North Locust Street; that said Carl Dose owns and operates a garage servicing automobiles and sells new and used automobiles in the operation of his business under the firm name of Carl Dose Motor Sales.

"3. The plaintiff further states that on the 16th day of June, 1955, in case No. 19,322 the District Court of Crawford County, Kansas, Sitting at Pittsburg, entered and granted a judgment for compensation including medical expense in favor of the plaintiff and against the defendant, Carl Dose d/b/a Carl Dose Motor Sales, and his Workmen's Compensation Insurance Carrier, Phoenix Indemnity Company, for accidental injuries that plaintiff had sustained while working for the said defendant, Carl Dose d/b/a Carl Dose Motor Sales, for a period of 415 weeks at the rate of $24.96 per week from and after May 29, 1954, and further ordered in said judgment that the defendant and his said Workmen's Compensation Insurance Carrier pay the claimant the sum of $1,347.84 in weekly compensation then due plus $650.00 to reimburse plaintiff for his medical expense paid by him, and the balance of compensation awarded was ordered to be paid at the rate of $24.96 a week until fully paid; that there have been no further orders made in said proceedings and the said judgment of the District Court of Crawford County, Kansas, is in full force and effect.

"4. Plaintiff further states that on the 21st day of June, 1955, the defendant, Carl Dose d/b/a Carl Dose Motor Sales was by the plaintiff served by registered mail with a written demand for payment of the unpaid installments of said compensation awarded and adjudged to Earl R. Babcock, plaintiff herein, by the District Court of Crawford County, Kansas, then due and accumulated, which demanded payment was not complied with by the defendant and his said Workmen's Compensation Insurance carrier within two weeks after June 21, 1955. A copy of said demand is attached hereto and is made a part hereof and is marked Exhibit 'A'.

"5. Plaintiff further states that the defendant, Carl Dose d/b/a Carl Dose Motor Sales and his said Workmen's Compensation Insurance Carrier, have failed to pay the compensation awarded and adjudged due to plaintiff herein,

Earl R. Babcock, and demanded herein by plaintiff, at any time after written demand for payment of the unpaid installments of compensation awarded and adjudged to Earl R. Babcock, plaintiff herein.

"That by reason thereof, there is due in unpaid installments of compensation and medical expense awarded and adjudged to claimant the sum of Eleven Thousand Eight and 40/100 ($11,008.40) Dollars."

Without other attack defendant demurred to the foregoing petition on grounds (1) that the court had no jurisdiction of the subject matter; (2) that there was another action pending between the same parties for the same cause; and (3) that the petition failed to state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant.

Upon presentation and argument the foregoing demurrer was sustained in its entirety. Plaintiff then perfected this appeal, wherein the only question involved is whether the court erred in sustaining such demurrer.

So far as here pertinent the statute (Laws 1943, Chap. 189; G. S. 1949, 44-512a), entitled an act relating to workmen's compensation, which we pause here to note has been held by this court (See *Ellis v. Kroger Grocery Co.*, 159 Kan. 213, 220, 152 P. 2d 860) to be remedial and intended to supplement existing remedies as indicated therein, on which appellant bases his right to relief reads:

"That if any compensation awarded, agreed upon or adjudged under the provisions of the workmen's compensation act of this state or any installment thereof shall not be paid to the employee or other person entitled thereto when due, and service of written demand for payment has been made personally or by registered mail on the person, firm or corporation liable to pay the same, payment of said demand is thereafter either refused or not made within two weeks from the date of service of said demand, then the entire amount of compensation awarded, agreed upon or adjudged shall become immediately due and payable and said employee or other person entitled to said compensation may maintain an action in any court of competent jurisdiction for the collection thereof in like manner as for the collection of a debt. The remedies of execution, attachment, garnishment or any other remedy or procedure for the collection of a debt now provided by the laws of this state shall apply to such action and also to all judgments entered under the provisions of section 44-529 of the General Statutes of 1935: . . ."

At the outset it should be stated that in order to render the involved petition demurrable on any of the statutory grounds asserted the defect relied on must appear on the face of the petition. This we may add is true because of our code of civil procedure.

Applicable portions of G. S. 1949, 60-705, provide:

"The defendant may demur to the petition *only when it appears on its face*, either: *First*, that the court has no jurisdiction of the person of the defendant,

or the subject of the action. . . . *Third,* that there is another action pending between the same parties for the same cause. . . . *Fifth,* that the petition does not state facts sufficient to constitute a cause of action." (Emphasis supplied.)

And the pertinent part of G. S. 1949, 60-707, reads:

"When any of the defects enumerated in section 93 [60-705] do not appear *upon the face of the petition,* the objection may be taken by answer . . ." (Emphasis supplied.)

Our decisions are to the effect that the statute means exactly what it says. See, e. g., *Lorey v. Cox,* 175 Kan. 66, 259 P. 2d 194, which holds:

"'A defendant may demur to a petition only where some one of the defects enumerated in G. S. 1935, 60-705, appears on the face of the petition, and where such a defect does not so appear the objection to the petition may be taken by answer. (G. S. 1935, 60-707.)'" (Syl. ¶ 2.)

See, also, *Runnels v. Montgomery Ward & Co.,* 165 Kan. 571, 195 P. 2d 571, where it is held:

"A demurrer to a pleading may be employed to test the legal sufficiency of facts appearing *on its face but of no others.* Any motion to be properly regarded as tantamount to a demurrer, for the purpose of making a ruling thereon appealable, must be likewise restricted in its operation." (Syl. ¶ 4.) (Emphasis supplied.)

With direct reference to the instant pleading, since the issue about to be considered reaches us on a demurrer, it should be emphasized and must be kept in mind that in determining its sufficiency its allegations must be liberally construed and given the benefit of all reasonable inferences, also that we are required to assume the facts are as pleaded and not as they might appear at a trial after the joinder of issues by proper pleadings. See West's Kansas Digest, Pleading, § 34 (1), (3), and Hatcher's Kansas Digest (Rev. Ed.), Pleading, §§ 35, 37.

And last but not least it must be remembered that in testing the sufficiency of the petition as against the demurrer the established rule of this court is that it cannot reach out and make additional facts a part of such pleading for purposes of determining the propriety of the ruling on the demurrer.

See, *Kendall v. Elliott,* 177 Kan. 630, 281 P. 2d 1088, which holds:

"A demurrer cannot serve to bring additional facts into a petition which might constitute a defense thereto. In ruling on a demurrer to a petition a court is not justified in reaching out and making additional facts a part of the petition. The inquiry is to be limited to the allegations themselves." (Syl. ¶ 1.)

For some of our more recent decisions of like import wherein the same rule is stated, discussed and applied see *Force v. Bates*, 177 Kan. 438, 280 P. 2d 584; *Tyler v. Common School District No. 76*, 177 Kan. 387, 392, 279 P. 2d 302; *Wahl v. Walsh*, 177 Kan. 176, 277 P. 2d 623; *Whitaker v. Douglas*, 177 Kan. 154, 277 P. 2d 641; *Southard v. Mutual Benefit Health & Accident Ass'n*, 177 Kan. 26, 28, 276 P. 2d 299; *Lee v. Beuttel*, 170 Kan. 54, 223 P. 2d 692; *American Glycerin Co. v. Freeburne*, 157 Kan. 22, 25, 138 P. 2d 468.

When the heretofore quoted petition is examined in the light of the foregoing section of our statute and the rules applicable to the determination of its sufficiency, as against the attack made against it, we do not think the trial court would have been warranted in concluding it had no jurisdiction of the subject matter. Instead our view is that under the allegations of such pleading the statute (G. S. 1949, 44-512a), in clear and unequivocal language, gives the appellant the right to maintain and such court the power to hear and determine the action. Neither do we believe the trial court would have been justified in sustaining the demurrer on the ground the petition discloses on its face there was another action pending between the same parties for the same cause. Indeed, assuming as we must that the facts are as pleaded, the allegations of such pleading are directly to the contrary. Nor do we agree that, when limited to the particular facts as pleaded, the petition fails to state facts sufficient to constitute a cause of action under the provisions of G. S. 1949, 44-512a, in favor of the appellant and against the appellee. In fact when limited strictly to the facts pleaded, and absent outside matters and things on which the appellee relies by way of defense to the action, we are convinced the petition contains all allegations necessary and required to state a cause of action for the collection of an unpaid workmen's compensation award under the provisions of the section of the statute last above mentioned.

Having concluded, as the trial court's action in sustaining the demurrer in its entirety requires, that none of the attacks against the petition have merit it follows such action cannot be upheld.

Finally it should be stated that in reaching the conclusion just announced we have disregarded, not overlooked, contentions advanced by appellant respecting the existence of other facts and circumstances which, notwithstanding they do not appear on the face of the petition, he seeks to have considered and reviewed in connection with the ruling on the demurrer. We are not disposed to here detail or labor these matters. It suffices to say, that under

the sections of the statute as well as the decisions heretofore mentioned, we are not presently concerned with such matters and they cannot be either considered or disposed of until such time as the parties see fit to join issues respecting them under pleadings warranting their appellate review and disposition.

The order of the trial court sustaining the demurrer to the petition is reversed with directions to set it aside.

HARVEY, C. J., not participating.