No. 43,194

STEVEN C. HAGEN, a Minor, by Arthur P. Hagen, his natural father and next friend, *Appellee,* v. WILL L. TOWNSLEY, HELEN TOWNSLEY COOGAN and RUSSELL T. TOWNSLEY, a Co-Partnership d/b/a GREAT BEND DAILY TRIBUNE, *Appellants,* and TRIBUNE, INC., a corporation, and MEDA ONEIDA SMITH, *Defendants.*

(381 P. 2d 506)

Opinion filed May 11, 1963.

*Warren H. Kopke,* of Great Bend, argued the cause, and *Marvin E. Thompson, George W. Holland* and *Clifford R. Holland, Jr.,* all of Russell, were with him on the brief for the appellants.

*Tudor W. Hampton,* of Great Bend, argued the cause and *Arthur P. Hagen, Jerry M. Ward* and *Herb Rohleder,* all of Great Bend, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is a common-law action to recover for personal injuries arising out of a collision of two automobiles. The appeal is by certain of the defendants from an order overruling their demurrer to the petition.

The story, as related by the allegations of the petition, is as follows:

At about 7:15 a. m. on November 3, 1957, the plaintiff, being fifteen years of age and being an agent, servant and employee of defendant newspaper company, was riding as a passenger in an automobile driven by defendant Smith, who, at the time, also was an agent, servant and employee of defendant newspaper company. Plaintiff and Smith were engaged in delivering the Sunday newspapers of defendant company, and, while proceeding west on a county road, Smith negligently and carelessly drove the car into and against the side of another car proceeding south through an intersection. Defendant Smith was guilty of seven specified acts of negligence which were the sole and proximate cause of the collision and resulting injuries to plaintiff.

In addition, defendant newspaper company was guilty of seven specified acts of negligence which were the direct and proximate contributing cause of the collision, among them being in permitting, delegating and sending plaintiff upon the highways with an inexperienced driver; in permitting, delegating and sending plaintiff, a fifteen-year-old boy, upon the highways in the nighttime, and in permitting plaintiff to work during the night and in an automobile upon the highways, in violation of G. S. 1949, 38-602 and 38-603 of the Child Labor Law, and in violation of the Fair Labor Standards Laws pertaining to child labor, 29 U. S. C. A. §§ 203 and 212.

As a result of the collision plaintiff sustained serious and permanent injuries.

The defendants, other than Tribune, Inc., and Smith, filed a demurrer to the petition on the ground that (1) the petition failed to state facts sufficient to constitute a cause of action; (2) the court had no jurisdiction of such defendants or of the subject of the action; (3) there was another action pending between the same parties for the same cause before the workmen's compensation director and that by virtue thereof plaintiff had no legal capacity to sue in a common-law action, and (4) that plaintiff's cause of action, if any, was exclusively under the workmen's compensation law.

Attached to the demurrer was a copy of a claim filed by plaintiff to recover workmen's compensation for the injuries in question.

The demurrer was overruled, and such demurring defendants have appealed.

The record shows that during the course of the proceedings the action was dismissed as to defendant Tribune, Inc. We also are told that defendant Smith is not a party to this appeal.

In their brief defendants say the question presented is whether a fifteen-year-old employee of a daily newspaper may file an action to recover for injuries sustained by accident arising out of and in the course of his employment under common-law negligence theories while at the same time making a claim for compensation for such injuries under the workmen's compensation act—that is, is such an employee limited to the recovery provided by the workmen's compensation act, and does he have an election as to whether he recovers under common-law negligence or under the act. They further contend that if plaintiff is not governed by and entitled to the benefits of the workmen's compensation act his action against defendants is precluded because of the fact his injuries were proximately caused by the alleged negligence of his fellow employee, Smith.

As contended by plaintiff, we think defendants are attempting to inject matters which are entirely outside of and beyond the allegations of the petition—and which properly should be asserted by answer. The petition is silent as to whether the parties are governed by the workmen's compensation act. Under our statutes (G. S. 1949, 60-705) a demurrer is directed only to those matters appearing on the face of the petition, and where the claimed defect does not so appear the objection to the petition may be taken by answer (G. S. 1949, 60-707.) A demurrer cannot serve to bring facts into the petition which might constitute a defense thereto. That is the function of an answer (G. S. 1949, 60-710). These rules have been stated and applied many times. We mention a few of our decisions: *American Glycerin Co. v. Freeburne,* 157 Kan. 22, 138 P. 2d 468; *Lee v. Beuttel,* 170 Kan. 54, 223 P. 2d 692; *Lorey v. Cox,* 175 Kan. 66, 259 P. 2d 194; *Wahl v. Walsh,* 177 Kan. 176, 277 P. 2d 623, and *Bell v. Hanes,* 190 Kan. 765, 768, 378 P. 2d 13.

In the present state of this case questions pertaining to the application of the workmen's compensation act, the provisions of the child labor statutes, and the "fellow servant" doctrine—simply are not before us. The demurrer to the petition was correctly overruled and the ruling is affirmed.